United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MYRA LOUISE WILLS,

The plaintiff,

v.

KAISER FOUNDATION HOSPITALS, et al.,

The defendants.

Case No. 25-cv-01948-LB

**ORDER COMPELLING ARBITRATION AND STAYING CASE**

Re: ECF No. 24

**INTRODUCTION**

This is a medical-malpractice action brought by plaintiff Myra Wills, as conservator for her son Stephen Andrew Wills II, against defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. (collectively, Kaiser). She claims that they committed malpractice and dependent adult abuse, in violation of state law, and violated the federal Emergency Medical Treatment and Labor Act (EMTALA), by discharging him prematurely to his mother's care. Kaiser moves to compel arbitration based on an arbitration provision in Mr. Wills's Kaiser Medical managed-health plan. The plaintiff opposes, arguing that no valid arbitration agreement exists because the enrollment process did not comply with the disclosure requirements of Cal. Health & Safety Code § 1363.1, which requires his express consent. Kaiser replies that § 1363.1 does not apply to Medi-Cal enrollments. The court grants Kaiser's motion and compels arbitration: § 1363.1 does not apply.

## STATEMENT

### 1. Kaiser and the Medi-Cal Framework

Kaiser Permanente is an integrated entity that provides medical services through its affiliated entities: Kaiser Foundation Health Plan, which administers health plans, The Permanente Medical Group, which provides physician and related health-care services, and Kaiser Foundation Hospitals, which operates hospitals.[1] Kaiser Foundation Health Plan contracts with the State of California to offer managed-care plans under Medi-Cal, California's Medicaid program, which is funded jointly by federal and state governments and provides health coverage to low-income persons. 42 U.S.C. § 1396a; 42 C.F.R. § 430.0. States can deliver Medicaid services through managed-care plans. 42 U.S.C. § 1396u-2(a)(1)(A)(i). California's Medi-Cal program authorizes state and local governments to contract with managed-care plans such as Kaiser. Cal. Welf. & Inst. Code §§ 14200, et seq. The director of the California Department of Health Care Services (DHCS) can promulgate regulations and other orders and standards to implement the law. *Id.* §§ 10725, 14105.

California has different types of Medi-Cal models, including a County Organized Health System, whereby the state contracts with counties, which in turn contract with providers. *Id.* § 14087. A county can provide services directly or subcontract with primary-care providers, HMOs, insurance carriers, or other entities or individuals. *Id.* § 14087.6. Sonoma County administers Medi-Cal through a County Organized Health System operated by Partnership HealthPlan of California (PHP), which contracts with DHCS to administer Medi-Cal benefits through local providers in Sonoma County. PHP contracts with the local providers, including Kaiser (through December 31, 2023).[2] Kaiser does not enroll members into this plan directly; instead, PHP handles enrollments.[3] Since 2024, Kaiser Foundation Health Plan has contracted directly with DHCS, which explains on its website how subscribers can join a plan online, by phone, by mail, or in person.[4]

---

[1] Kimoto Decl. – ECF No. 24-29 at 2 (¶ 2). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page number at the top of documents.

[2] Velarde Decl. – ECF No. 24-1 at 2–3 (¶ 2).

[3] *Id.*; 2023 Handbook, Ex. A to *id.* – ECF No. 24-2 at 22; Deniz Decl. – ECF No. 24-4 at 3 (¶ 4).

[4] Velarde Decl. – ECF No. 24-1 at 2–3 (¶ 2); 2024 Handbook, Ex. B to *id.* – ECF No. 24-3 at 24; Enrollment Website, Ex. V to Pierrou Decl. – ECF No. 24-27 at 1.

United States District Court
Northern District of California

Mr. Wills is a Medi-Cal member enrolled in Kaiser plans. He challenges medical care he received at Kaiser, first in 2023 in the emergency department and thereafter with his primary-care physician, and then in 2024, through follow-up care.[5] This implicates two plans and their arbitration provisions: the 2023 PHP plan and the 2024 Kaiser Foundation Health Plan.

**2. The Plans**

Until January 1, 2024, Sonoma County automatically enrolled its Medi-Cal-eligible residents in PHP. Members would call PHP to request assignment to a provider, which included Kaiser until January 1, 2024.[6] Mr. Wills was enrolled as a Kaiser member in a Medi-Cal managed-care plan through PHP from October 1, 2009, to August 1, 2012, November 1, 2012, to October 1, 2013, and February 1, 2014, to January 1, 2024.[7] Annually renewed Medi-Cal handbooks governed Mr. Wills's enrollment and had arbitration provisions. This is the arbitration provision in 2023:

> **Binding Arbitration**
>
> Binding arbitration is a way to solve problems using a neutral third party. This third party hears both sides of the issue and makes a decision that both sides must accept. Both sides give up the right to a jury or court trial.
>
> **Scope of Arbitration**
>
> You must use binding arbitration if the claim is related to this Member Handbook or your membership with us, if all of the following requirements are met:
>
> - The claim is for:
>   - Malpractice (a claim that medical services or items were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered); or
>   - Delivery of services or items; or
>   - Premises liability
> - The claim is brought by:
>   - You against us; or
>   - Us against you

[5] Compl. – ECF No. 1 at 1–4 (¶¶ 2–16).

[6] Velarde Decl. – ECF No. 24-1 at 2–3 (¶ 2); 2023 Handbook, Ex. A at *id.* – ECF No. 24-2 at 25, 27.

[7] Deniz Decl. – ECF No. 24-4 at 2–3 (¶ 3); Pl.'s Account Details, Ex. C to *id.* – ECF No. 24-5 at 1–2.

- Government law does not prevent the use of binding arbitration to resolve the claim
- The claim cannot be settled through Small Claims Court

Keep in mind:

- You do not have to use binding arbitration for claims that can be settled through a State Hearing
- You cannot use binding arbitration if you have gotten a decision on the claim through a State Hearing

In this "Binding Arbitration" section only, "you" means the party who is asking for binding arbitration:

- You (a Member)
- Your heir, relative or someone you name to act for you
- Someone who claims that a duty to them exists due to your relationship with us

In this "Binding Arbitration" section only, "us" means the party who has a claim filed against them:

- Kaiser Foundation Health Plan, Inc. ("KFHP")
- Kaiser Foundation Hospitals ("KFH")
- Southern California Permanente Medical Group ("SCPMG")
- The Permanente Medical Group, Inc. ("TPMG")
- The Permanente Federation, LLC
- The Permanente Company, LLC
- Any SCPMG or TPMG doctor
- Any person or organization with a contract with any of these parties that requires the use of binding arbitration
- Any employee or agent of any of these parties.[8]

The 2024 handbook has virtually the same provision.[9] Kaiser Foundation Health Plan distributes the handbooks to new members and sends annual notices advising that the new handbook is online (including how to request a paper copy) and that the plan uses arbitration to resolve disputes.[10]

---

[8] 2023 Handbook, Ex. A to Velarde Decl. – ECF No. 24-2 at 128–29.

[9] 2024 Handbook, Ex. B to Velarde Decl. – ECF No. 24-3 at 160–62.

[10] Velarde Decl. – ECF No. 24-1 at 3–5 (¶¶ 3–9); Guha Decl. – ECF No. 24-6 at 2–3 (¶ 3); Notices & Mailing List, Exs. D–G to Guha Decl. – ECF Nos. 24-7 to 24-10.

In addition to these notices about arbitration, in late 2023, Kaiser Foundation Health Plan sent a letter to the plaintiff advising that as of January 1, 2024, it would contract directly with the DHCS, he would be automatically enrolled in Kaiser Foundation Health Plan (not PHP), and Kaiser requires arbitration to address disputes about "medical treatment (called medical malpractice)." It explained that by "choosing to keep Kaiser Foundation Health Plan, Inc. as your Medi-Cal plan, you agree (1) to give up your right to a jury or court trial for these disputes, [and] (2) to use binding arbitration to resolve these disputes[.]" It advised that persons who do not agree should call Health Care Options to switch to another plan.[11] As of January 1, 2024, the plaintiff's membership was automatically converted to Kaiser Foundation Health Plan's direct contract with DHCS.[12]

**3. Jurisdiction**

The court has federal-question subject-matter jurisdiction. 28 U.S.C § 1331. The parties consented to magistrate-judge jurisdiction.[13] *Id.* § 636(c).

**ANALYSIS**

Under the Federal Arbitration Act (FAA), "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019); *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "Section 2 of the FAA makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Poublon*, 846 F.3d at 1259 (citing 9 U.S.C. § 2). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that the district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v.*

[11] Letter, Ex. I to Gupta Decl. – ECF No. 24-12 at 3.

[12] Deniz Decl. – ECF No. 24-4 at 2–3 (¶ 3); Pl.'s Account Details, Ex. C to *id.* – ECF No. 24-5.

[13] Consents – ECF Nos. 5, 13.

*Byrd*, 470 U.S. 213, 218 (1985) (cleaned up) (citing 9 U.S.C. §§ 3–4). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*

The parties dispute whether Kaiser can compel arbitration. The plaintiff contends that he did not consent to arbitration because Kaiser did not provide notice of the arbitration agreement, and he (or his mother) did not sign it, in violation of Cal. Health & Safety Code § 1363.1.[14] Kaiser counters that California law exempts § 1363.1 from Medi-Cal enrollments, and federal Medicaid statutes preempt the state disclosure statute.[15]

Section 1363.1 requires healthcare plans with binding arbitration and jury-trial-waiver provisions to include a disclosure that meets the following conditions: (a) a statement that "the plan uses binding arbitration to settle disputes," including, specifically, claims of medical malpractice; (b) a prominent disclosure as a separate article on the enrollment form signed by each enrollee; (c) an express waiver of the right to a jury trial; and (d) in an enrollment agreement for a healthcare service plan, a disclosure immediately above the signature line for the contracting group or the enrolling individual. Cal. Health & Safety Code § 1363.1(a)–(d).

Kaiser contends that § 1363.1, including the requirement of an arbitration disclosure above the enrollee's signature, does not apply to Medi-Cal plans because DHCS has exempted the Medi-Cal enrollment process from § 1363.1's requirements.[16] The caselaw supports Kaiser's position.

Under federal law, states must simplify the Medi-Cal enrollment process by allowing phone enrollments. 42 U.S.C. § 18083. They must enroll by default persons who fail to select a plan. 42 U.S.C. § 1396u-2(a)(4)(D); 42 C.F.R. § 438.54(d)(5). The Legislature has expressly exempted

[14] Opp'n – ECF No. 29 at 3–4, 6–7.

[15] Mot. – ECF No. 24 at 14–24; Reply – ECF No. 30 at 6–15.

[16] Reply – ECF No. 30 at 6.

Sonoma County's Medi-Cal arrangement from Chapter 2.2 of the Knox-Keene Act, which includes § 1363.1. Cal. Welf. & Inst. Code § 14087.95.

The plaintiff does not contest this but argues that allowing online or telephone enrollments does not preclude an arbitration disclosure that complies with § 1363.1.[17] But DHCS, which by statute controls enrollment (see supra summarizing the regulatory scheme) has not required that process. For example, it could have authorized only written enrollment with a disclosure over the signature line or allowed telephone enrollment only after an arbitration disclosure.[18] Its use of a simplified process is consistent with the Legislature's approval of the use of managed-care plans for Medi-Cal beneficiaries to encourage efficient delivery of healthcare services, reduce the "inflationary costs of health care," improve the quality of services, and reduce the administrative costs of operating the Medi-Cal program. *Id.* § 14201. It also is consistent with the Affordable Care Act's simplification of Medicaid enrollment by permitting enrollment by means other the paper. Requiring disclosure of the arbitration provision is inconsistent with a mandated default enrollment.

In addition, the regulatory scheme leaves no room for health plans to impose an additional requirement to sign an enrollment form complying with § 1363.1: once DHCS/PHC notified Kaiser that the plaintiff was a member of the plan, Kaiser was required to accept him.[19]

No case requires DHCS to conform to state laws like § 1363.1 that govern non-Medi-Cal Knox-Keene plans regulated by a different state agency (the California Department of Managed Health Care).[20] Moreover, even if DHCS could not exempt Medi-Cal enrollments from § 1363.1, the ACA's amendments to the Medicaid Act — requiring a simplified enrollment process, including phone enrollment — preempt § 1363.1. *See Winninger v. Scott*, 2022 No. 21-CV-04689-HSG, 2022 WL 3205035, at *4 (N.D. Cal. July 5, 2022) (the ACA's "simplified enrollment procedure" was

---

[17] Opp'n – ECF No. 29 at 5–6. The reverse side of the current Medi-Cal Choice form contains an arbitration notice. Form, Ex. U to Pierrou Decl. – ECF No. 24-26 at 2. DHCS did not produce a Medi-Cal Choice for the plaintiff in response to Kaiser's subpoena, and PHC does not keep records for more than ten years. Wayne Decl. – ECF No. 24-13 at 3 (¶ 4); PHC Prod. – ECF No. 24-19. The plaintiff does not dispute the inference that he enrolled by telephone. Reply – ECF No. 30 at 7.

[18] Reply – ECF No. 30 at 7 (making these points).

[19] *See* Statement (summarizing the regulatory scheme).

[20] *Id.*

inconsistent with state arbitration disclosure and signature requirements under Cal. Code Regs. tit. 10 § 6470); *Hunter v. Kaiser Found. Health Plan, Inc.*, 434 F. Supp. 3d 764, 773 (N.D. Cal. 2020) (ACA amendments for telephone and online enrollments preempt § 1363.1).

Based on the foregoing, the plaintiff — who was notified about the plan terms in the plan handbooks and through annual notices from Kaiser — is bound by the terms even if he did not agree to them. The California Arbitration Act and the FAA require a writing, not a signature. Cal. Civ. Proc. Code § 1281; 9 U.S.C. § 2; *see Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420–21 (2000) (employer proved its employee was bound to arbitrate claims based on her receipt of an unsigned employee brochure); *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012) (condo owners bound to arbitration agreement in recorded covenants, conditions, and restrictions). The handbook is a DHCS-issued template — including the placement of the arbitration provision — that plans must follow so that DHCS and Medi-Cal beneficiaries can compare plans.[21] DHCS and PHC negotiated the agreements on behalf of Medi-Cal beneficiaries under federal Medicaid and state Medi-Cal law. 42 U.S.C. § 1396u-2(a)(1)(A)(i); Cal. Welfare & Inst. Code § 14200 et seq.[22] By enrolling in the plans, Medi-Cal beneficiaries bind themselves to the terms of the plan set forth in the plan handbooks, including arbitration and the jury-trial waiver. *See Madden v. Kaiser Found. Hospitals*, 17 Cal. 3d 699, 709 n.11 (1976) (CalPERS bound state employee to arbitrate; notice, not knowledge, is required); *Clay v. Permanente Med. Grp., Inc.*, 540 F. Supp. 2d 1101, 1106–10 (N.D. Cal. 2007) (the federal Medicare program waives jury trials on behalf of Kaiser's Medicare Advantage plan enrollees who may be unaware of the arbitration provision); *Kuntz v. Kaiser Found. Hosps.*, 62 Cal. App. 5th 1135, 1148–51 (2021) (same for CalPERS for state employees); *Viola v. Dep't of Managed Health Care*, 133 Cal. App. 4th 299, 313 (2005) ("The Legislature may authorize the waiver of the right to a civil jury trial in this setting, and has done so by enactment of the Knox-Keene Act." (cleaned up)).

The plaintiff cites three additional cases that do not change this conclusion.

---

[21] Velarde Decl. – ECF No. 24-1 at 2 (¶ 3).

[22] *See* Statement (summarizing the regulatory scheme).

*Schlegel v. Kaiser Foundation Health Plan, Inc.* did not involve a Medi-Cal plan. No. 2:07-CV-00520-MCEKJM, 2007 WL 2492393, at *3 (E.D. Cal. Aug. 30, 2007); *cf. Hunter*, 434 F. Supp. 3d at 771 (courts have held that non-compliance with § 1363.1 renders an arbitration provision in an enrollment form unenforceable; followed recent unpublished California authority — enrollment through California's online portal preempted § 1363.1's requirements — as persuasive).

*Platt v. Sodexo, S.A.* held that a plan could not unilaterally amend an ERISA plan to add an arbitration provision without the consent of the relevant party. 148 F.4th 709, 714–15 (9th Cir. 2025). Its reasoning does not apply here: the original plan contained the arbitration provision, and the relevant parties — DHCS on behalf of Medi-Cal enrollees and Kaiser Foundation Health Plan on behalf of Kaiser providers — agreed to it.

*Brockman v. Kaiser Foundation Hospitals* is another non-Medi-Cal case. The court of appeal held that the defendant had not preserved the argument that the plaintiff's mother's union had authority to agree to the arbitration provision on her behalf. 2025 WL 2701643, at *10, 114 Cal. App. 5th 569 (2025), *reh'g denied*. The plaintiff cites footnote 7, where the court held that Kaiser's assertion — it was common practice not to require a signature — was not supported by evidence.[23] *Id.* at *5 n.7. The issue there was whether it was common practice for employers not to sign a group agreement and the time of renewal and instead to renew by paying practices. There were evidence issues present, including proof that the union paid premiums to agree to renew. *Id.* That is different than the undisputed enrollment process here in writing, online, or by telephone.

**CONCLUSION**

The court compels arbitration and stays the case pending arbitration. *Smith v. Spizziri*, 601 U.S. 472, 474, 476–78 (2024) (per curiam) (requiring stay). This resolves ECF No. 24.

**IT IS SO ORDERED.**

Dated: November 6, 2025

LAUREL BEELER
United States Magistrate Judge

[23] Opp'n – ECF No. 29 at 6–7.